IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee for the Certificateholders of the CWABS, Asset-Backed Certificates, Series 2007-9, formerly known as THE BANK OF NEW YORK, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:15-CV-311-WKW [WO] |
| RANDY T. REAVES and TAMMY S. REAVES, | ) ) ) | |
| Defendants. | ) ) | |
| RANDY T. REAVES and TAMMY S. REAVES, | ) ) ) | |
| Counterclaimants and Third Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| THE BANK OF NEW YORK MELLON, | ) ) ) | |
| Counterdefendant, and | ) ) ) | |
| BANK OF AMERICA, N.A. and SPECIALIZED LOAN SERVICING, LLC, | ) ) ) ) ) | |
| Third Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Randy Reaves and Tammy Reaves's motion to remand (Doc. # 10), which has been fully briefed (Docs. # 13, 14, 16, 19).  The motion includes a request for attorney's fees and costs incurred as a result of Bank of America, N.A.'s allegedly improvident removal.  Upon consideration of the parties' arguments and relevant law, particularly 28 U.S.C. § 1441(c), the Reaveses' motion to remand is due to be granted, but their request for costs and fees is due to be denied.

## I.  INTRODUCTION

This case began as a state court action for ejectment against the Reaveses by The Bank of New York Mellon ("BONY")[1] in the Circuit Court of Chambers County, Alabama.  (*See* Doc. # 1-5.)  The Reaveses filed counterclaims and third-party claims against BONY, Bank of America, and Specialized Loan Servicing, LLC ("SLS").  (Doc. # 1-7.)  The Reaveses allege that Bank of America wrongfully instituted foreclosure against them after they continued making adjusted payments on what they believed was a proper modification of their loan.  Although BONY is named as a counter-defendant, the Reaveses lodge most of their factual allegations against Bank of America as a "third-party defendant," as stated in the style of the case, and simply as a defendant in the Counterclaim.  It is

---

[1] BONY is involved as a trustee for certificate-holders of asset-based certificates.  Most of the dealings at issue here occurred between the Reaveses and Bank of America.

not alleged by the Reaveses that Bank of America or SLS are true third-party defendants.  (*See* Doc. # 1-7, at ¶¶ 18–40, 46–48.)  There are also a few fact-specific allegations involving SLS.  (*See* Doc. # 1-7, at ¶¶ 41–44.)

Counts I–XIII of the Reaveses' Countercomplaint/Third Party Complaint set out state-law claims against Bank of America, SLS, and BONY.[2]  Count X is a cause of action against Bank of America only, arising under a federal statute, the Real Estate Settlement Procedures Act ("RESPA"), for Bank of America's failure to make appropriate corrections to the Reaveses' account upon the Reaveses' submission of a qualified written request, and for Bank of America's wrongful report of derogatory information to credit bureaus while the Reaveses were disputing their loan obligation.  (*See* Doc. # 1-7, at ¶¶ 85–86.)

Bank of America, with the consent of SLS and BONY (*see* Doc. # 1-3), removed the entire case to this court on May 8, 2015, invoking this court's federal-question jurisdiction over the Reaveses' RESPA claim.  (Doc. # 1.)  The Reaveses filed their motion to remand on May 27, 2015.  (Doc. # 10.)

## II.  STANDARD OF REVIEW

The party removing a case from state court to federal court bears the burden of proving that federal jurisdiction exists.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Federal courts have limited jurisdiction and are

---

[2] Count IX is a request for declaratory and injunctive relief.

3

"empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks omitted). "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire," even on its own initiative, "into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 410; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.  DISCUSSION

**A.     The Propriety of Removal:  Interpreting 28 U.S.C. § 1441(a) and (c)**

Section 1441(a) confers upon "the defendant or the defendants" a statutory right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Although a majority of federal courts restrict the right of removal to original defendants, district courts of the Eleventh Circuit, following binding precedent of the former Fifth Circuit, have permitted third-party indemnity defendants to remove cases on the bases of third-party federal question claims. *See Carl Heck Eng'rs, Inc. v. Lafourche Parish*

*Police Jury*, 622 F.2d 133, 135–36 (5th Cir. 1980).[3] For decades, courts have disputed whether removal is proper when it is "sought solely on the basis of a third party claim." *Id.* at 135 (discussing a former version of 28 U.S.C. § 1441(c)).[4]

Today, § 1441(c) provides as follows:

(1) If a civil action includes –

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[4] At the time the Fifth Circuit decided *Carl Heck*, § 1441(c) provided:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

*Carl Heck*, 622 F.2d at 135. Section 1441 has been revised several times since 1980, but most recently, in 2011, Congress amended § 1441(c) to remove the requirement that the removable claim or cause of action be "separate and independent."

A recent opinion from the Northern District of Alabama thoroughly discusses this most recent iteration of § 1441(c), explains why *Carl Heck* is still good law in this Circuit when removal is based on federal question jurisdiction, and advises counter-claim defendants may remove a case on the basis of a federal question presented in a counterclaim against a non-original defendant. *See WGB, LLC v. Bowling*, 18 F. Supp. 3d 1288 (N.D. Ala. 2014).[5] Consequently, Bank of America, SLS, and BONY all rely on *WGB* in their opposition to the motion to remand. Further, following *WGB*'s lead, they suggest that the court should sever and remand the original ejectment suit but retain jurisdiction over all other claims.

To support removal of the counterclaims against BONY along with the "third-party claims" against SLS and Bank of America, BONY argues that this court has original federal-question jurisdiction over the RESPA claim against Bank of America and supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims against BONY, Bank of America, and SLS. (*See* Doc. # 16, at 7–8 (quoting *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).) As explained by the Court in *College of Surgeons*, § 1367 "applies with equal force to cases removed to federal court as to cases initially filed there." "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap*

---

[5] The *WGB* court certified its order for interlocutory appellate review, but no party accepted the court's invitation to seek review of the Eleventh Circuit.

*Metal Processors, Inc.*, 468 F.3d 733, 742 (11th Cir. 2006). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id.* at 743. BONY asserts that "the counterclaims against [it] are almost wholly dependent upon and derivative of the alleged acts and omissions of [Bank of America and SLS], and [the Reaveses] attempt to impute potential liability for servicer misconduct to [BONY] through an agency argument." (Doc. # 16, at 6.) Without appealing to the language of § 1367, BONY is asserting that the claims against it and against Bank of America and SLS are "so related" as to "form part of the same case or controversy under Article III." § 1367(a). Bank of America agrees with BONY that the court has supplemental jurisdiction over the state-law claims against "the New Defendants." (Doc. # 14, at 4.)

The Reaveses attempt to factually distinguish their case from *WGB*, (*see* Doc. # 19, at 2–4), but the distinctions are immaterial. The Reaveses argue that *WGB* is "wrong," but they offer no specific criticism of that court's analysis.[6] As discussed *infra*, the court declines to follow the path trodden in *WGB*, but for a reason not argued by the Reaveses. The Reaveses contend that, even if a third-

---

[6] The Reaveses instead rely on a case from the Southern District of Alabama that resulted in remand. (Doc. # 10, at 4–6 (citing *The Mobile Wash. (MOWA) Band of The Choctaw Indian Tribe v. Sunbelt Res., Inc.*, 649 F. Supp. 2d 1325 (S.D. Ala. 2009)).) However, the *MOWA* case is inapposite and readily distinguishable from *WGB*. In *MOWA*, the court rejected the arguments of the removing third-party defendant because "the entire basis of [its] removal request [was] diversity jurisdiction" rather than federal-question jurisdiction. *Id.* at 1330.

party defendant such as Bank of America may remove an action to federal court, the original plaintiff and true counter-defendant, BONY, decidedly cannot.  The Reaveses say that, because Bank of America "is merely an agent" of BONY,[7] Bank of America should not be entitled to remove the action to federal court because it "effectively allow[s] state court plaintiffs to remove their own lawsuits if they don't like the way their state court cases are proceeding."  (Doc. # 10, at 7.)  On this point, the Reaveses ignore that *they* joined Bank of America as a third-party defendant and asserted a federal claim against it.  They also offer no authority in support of their argument that the court should associate Bank of America and BONY and deny Bank of America a statutory right of removal.

The Reaveses also request that the court remand the case to state court because permitting removal would inconvenience them.  (Doc. # 10, at 8 (citing § 1441(e)(5)).)[8]  The Reaveses refer to the Middle District of Alabama, Eastern Division, as "a distant forum."  If the Reaveses' removable claims are tried in this district, trial would be held in Opelika, Alabama, which is in Lee County, roughly twenty-five miles from the Circuit Court of Chambers County in LaFayette,

---

[7] The Reaveses say that Bank of America "is the current or former servicer of the mortgage held by BONY," but they also state that they are unsure what Bank of America's role was.  (Doc. # 10, at 7–8.)  They request limited discovery on that issue should the court find their argument persuasive.

[8] It appears that the Reaveses mean to cite subsection (e)(6):  "Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum."

Alabama. This forum is therefore not "distant" or unduly inconvenient, and the Reaveses' request under § 1441(e)(6) is due to be denied.

Even though the Reaveses' arguments in favor of remand are ineffective, there is another issue that undermines the positions of Bank of America, SLS, and BONY. Bank of America is actually a counter-defendant, not a third-party defendant. The Reaveses describe Bank of America (and SLS) as third-party defendants in their pleading (*see* Doc. # 1-7), and the briefing indicates apparent agreement among the parties that Bank of America is a third-party defendant. But if Bank of America is not a third-party defendant, then *Carl Heck*'s interpretation of § 1441(c) should not apply.

According to Rule 14, a true third-party defendant is one "who is or may be liable to" the original defendant-turned-third-party-plaintiff "for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1); *see also* Charles Alan Wright, et al., 6 Fed. Prac. & Proc. § 1446 (3d ed.) ("[S]econdary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory."); *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) ("Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that

9

claim is in some way dependent upon the outcome of the main claim.").[9]  But in this case, Bank of America's liability to the Reaveses is not "in some way dependent upon the outcome" of BONY's suit to eject the Reaveses.  812 F.2d at 643.  Rather, the Reaveses' claims against Bank of America are "separate and independent" claims that simply happen to "arise[ ] out of the same general set of facts" surrounding the Reaveses' loss of their home in foreclosure.  *Id.*  Hence, Bank of America (and SLS) are more properly classified as counter-defendants.  Rule 13(h) contemplates the joinder of nonparties as counter-defendants and cross-defendants where the nonparties are not candidates for joinder via Rule 14 impleader.  *See* Charles Alan Wright, et al., 6 Fed. Prac. & Proc. § 1446 (3d ed.) (A "combination of a counterclaim and a Rule 13(h) motion is appropriate when defendant's claim is against the original plaintiff and a nonparty.").

BONY foresaw this hurdle and explained in its brief that the Fifth Circuit has extended *Carl Heck* to permit removal by counterclaim defendants in addition to third-party defendants.  *See Texas v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998).  Some district courts in the Eleventh Circuit, including *WGB*, have followed *Walker* as persuasive authority, and each court has been careful to qualify that a counter-defendant may not remove an action to federal court if it was an original plaintiff.  *See WGB*, 18 F. Supp. 3d at 1294; *Mace Sec. Int'l, Inc. v. Odierna*, No. 08-60778-

---

[9] *Carl Heck* provides a classic example of this situation.  The original defendant filed a third-party complaint against an insurer, seeking indemnification.  622 F.2d at 135.

10

CIV, 2008 WL 3851839, at *3 (S.D. Fla. Aug. 14, 2008); *N. Star Capital Acquisitions, LLC v. Krig*, No. 3:07-CV-264-J-32MCR, 2007 WL 3522425, at *3 (M.D. Fla. Nov. 15, 2007). But because *Walker* is not binding, some courts have declined to follow it and to expand the rule in *Carl Heck* to encompass removal by counter-defendants. *See Deutsche Bank Nat'l Trust Co. v. Baxter*, 969 F. Supp. 2d 1337, 1344 (N.D. Ala. 2013); *Karp v. Am. Law Enforcement Network, LLC*, No. CA 11-0449-CG-C, 2011 WL 6963254, at *6 (S.D. Ala. Nov. 18, 2011), report and recommendation adopted, No. CIV.A. 11-449-CG-C, 2012 WL 38161 (S.D. Ala. Jan. 6, 2012); *Citibank (S. Dakota), N.A. v. Duncan*, No. 2:09-CV-868-WKW, 2010 WL 379869, at *2 (M.D. Ala. Jan. 25, 2010).

> As this court explained in *Citibank*,
>
> The Eleventh Circuit has yet to decide whether § 1441(c) encompasses removals by counter-defendants, and given the divisiveness among other courts as to the underlying conclusion reached in *Carl Heck*, the court is persuaded that the better course is to remand, rather than to guess what this circuit might hold if presented with the unsettled issue of whether *Carl Heck* should be extended to removals by counter-defendant[s].

2010 WL 379869, at *2. Furthermore, "federal courts are directed to construe removal statutes strictly" and to resolve "all doubts about jurisdiction . . . in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (citations omitted). For these reasons, the court must conclude that Bank of America has not met its burden of proving this court's removal jurisdiction over the RESPA claim against it and

11

the related state-law counterclaims against it, SLS, and BONY.  This case is due to be remanded in its entirety to state court.

**B.     Propriety of Costs and Fees**

The Reaveses request that Bank of America pay their fees and costs for improvidently removing this case to federal court.  The removal statute provides that a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Hence, an award of costs and fees to the Reaveses is within the court's discretion, but the court must still follow a standard.  Whether an award of costs and fees is appropriate "turn[s] on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In this instance, Bank of America relied on persuasive authority from the Northern District of Alabama in the absence of an opinion from the Eleventh Circuit since 1980; therefore, an objectively reasonable interpretation of § 1441(c) supported Bank of America's removal, and an award of costs and fees would be inappropriate.

## IV.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that the Reaveses' motion to remand (Doc. # 10) is GRANTED and that this action is REMANDED to the Circuit Court of Chambers County, Alabama.  It is further ORDERED that the Reaveses' request for costs and fees is DENIED.

The Clerk of the Court is DIRECTED to take steps necessary to effectuate the remand.

DONE this 30th day of September, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
